# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, et al., | |
| Plaintiffs, | CIVIL ACTION NO.: 4:18-cv-128 |
| v. | |
| GENESIS VASCULAR OF POOLER, LLC, et al., | |
| Defendants. | |

## **O R D E R**

On January 27, 2021, the Court stayed this case in light of the recent filing of a bankruptcy petition by Defendant Genesis Vascular of Pooler, LLC. (Doc. 111.) Since then, Plaintiffs-Relators have filed a Notice of Dismissal of Claims Against Defendant Genesis Vascular of Pooler, LLC. (Doc. 112.) Citing Federal Rule of Civil Procedure 41(a)(1), Plaintiffs-Relators emphasize that Genesis Vascular of Pooler has not filed an answer or a motion for summary judgment in this case and they specifically state their intent for the dismissal of this Defendant to be without prejudice. (Id.)

At the same time that they filed their Notice of Dismissal, Plaintiffs-Relators also filed a Motion to Lift Bankruptcy Stay. (Doc 113.) Therein, they ask the Court to lift the stay of the case in light of their dismissal of Genesis Vascular of Pooler since the stay was premised exclusively upon that Defendant's pending bankruptcy proceeding. (Id.)

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action by filing "a notice of dismissal before the opposing party serves either an answer or a motion

for summary judgment." Because Genesis Vascular of Pooler has not filed an answer or motion for summary judgment in this case, the Court **DISMISSES** Defendant Genesis Vascular of Pooler, LLC **WITHOUT PREJUDICE**.  See Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[R]eading the rules governing dismissal by notice and dismissal by motion together, we conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment . . . .").[1] The Court **DIRECTS** the Clerk of Court to update the docket accordingly.  Additionally, given the dismissal of this Defendant from the case, there presently appears to be no reason for the case to be stayed.  Accordingly, the Court **GRANTS** the Motion to Lift Bankruptcy Stay, (doc. 113), and **DIRECTS** the Clerk of Court to **LIFT** the stay.

    **SO ORDERED**, this 25th day of February, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2