UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* E. JERRY COHN, JR., M.D. and SHARON BELL, <br><br> STATE OF GEORGIA, *ex rel.* E. JERRY COHN, JR., M.D., and SHARON BELL, <br><br>                Plaintiffs, <br><br> v. <br><br> GENESIS GLOBAL HEALTHCARE, *et al.*, <br><br>                Defendants. | Civil Action No.: 4:18-cv-128 |

**SCHEDULING ORDER**

Defendants Statesboro Cardiology, P.A.; Dr. Abraham Lin; C3 of Bulloch, Inc.; Dr. Stanley J. Shin; Alexis M. Shin as trustee for SJS Family Trust; Dr. Leonard Talarico; Pooler Property Holdings, LLC; and Dr. David Nabert's (the "represented movants") motion to dismiss is pending before the District Judge. Doc. 139. Defendants Barbara O'Dare and James O'Dare (the "O'Dares") each filed a motion to dismiss; those motions have been referred to the undersigned. Docs. 158 & 159. The represented movants request that the Court stay discovery pending disposition of their motion to dismiss. Doc. 178 at 1. Both O'Dares filed individual motions to stay pending disposition of their motions to dismiss. Docs. 180 & 181. The parties' Rule 26(f) Report indicates that all Defendants consent to all of the stay requests. Doc. 177 at 4. Plaintiffs-Relators responded in opposition to the stay requests. Doc. 185. The Court held a

1

status conference with the parties to discuss the motions. Doc. 186 (Minute Entry). For the following reasons, all three motions to stay are **DENIED**. Docs. 178, 180 & 181.

A court has "broad discretion" in determining whether to grant a stay of discovery. *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017). The Eleventh Circuit has recognized that it is appropriate for the Court dispose of "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief," before the parties engage in costly and potentially unnecessary discovery. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367-68 (11th Cir. 1997).

When "deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *SP Frederica, LLC v. Glynn Cnty.*, 2015 WL 5242830, at *2 (S.D. Ga. Sept. 8, 2015) (internal quotation marks omitted) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). In evaluating stays of discovery pending resolution of dispositive motions, "a court must take a preliminary peek . . . to assess the likelihood that the motion will be granted." *Taylor v. Jackson*, 2017 WL 71654, at *1 n. 2 (S.D. Ga. Jan. 6, 2017) (quoting *Sams v. GA West Gate, LLC*, 2016 WL 3339764, at *6 (S.D. Ga. June 10, 2016)). "[A] stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious and truly case dispositive.' " *Sams*, 2016 WL 3339764 at *6 (quoting *Feldman*, 176 F.R.D. at 652-53)). "A request to stay discovery pending a resolution of a motion is rarely appropriate unless resolution of the motion will dispose of the *entire case*." *CSX Transportation, Inc. v. United States*, 2014 WL 11429178, at *1 (S.D. Ga. May 30, 2014) (citing *Feldman*, 176 F.R.D. at 652) (emphasis added).

The represented movants and the O'Dares argue that a stay is appropriate because disposition of their motions to dismiss could dispose of all claims against them. *See* doc. 178 at 4 ("A Court ruling could result in the dismissal of certain Defendants and claims, avoiding unnecessary costs to the parties and the Court."); doc. 180 at 2 ("In the event that the Court grants Defendant[ ] Barbara O'Dare's motion, there will be no need for further proceedings for Barbara O'Dare before this Court."); doc. 181 at 2 (identical argument made by James O'Dare). As the represented movants recognize, however, ruling on these motions to dismiss would not resolve the entire case. Doc. 178 at 5. Moreover, the Court finds that a stay would be inappropriate given the length of this case's pendency. *See* doc. 3 (Complaint filed May 29, 2018). All requests to stay this case are therefore **DENIED**. Docs. 178, 180 & 181.

The parties' Rule 26(f) Report proposes deadlines governing discovery in the event the stay requests are denied. Doc. 177. The Court discussed several alterations to those deadlines with the parties at the status conference. Doc. 186 (Minute Entry). Pursuant to Federal Rule of Civil Procedure 16(b) and the Local Rules of this Court, the Court issues the following scheduling order in this matter. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). **Given the generous deadlines in this Scheduling Order, it is the Court's expectation that the parties will not need extensions.** The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension. When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| DEADLINE TO EXCHANGE INITIAL DISCLOSURES | August 26, 2022 |
| DEADLINES FOR MOTIONS TO ADD PARTIES OR AMEND PLEADINGS | October 11, 2022 |
| DEADLINE FOR COMPLETION OF WRITTEN DISCOVERY, INSPECTION, AND EXAMINATIONS UNDER RULE 33 THROUGH 36 OF THE FEDERAL RULES OF CIVIL PROCEDURE | November 21, 2022 |
| DISCOVERY DEPOSITION OF WITNESSES WHO HAVE NOT BEEN DESIGNATED AS EXPERTS | January 19, 2023 |
| PLAINTIFF'S DEADLINE TO SERVE EXPERT WITNESS REPORTS | February 20, 2023 |
| DEFENDANT'S DEADLINE TO SERVE EXPERT WITNESS REPORTS | March 20, 2023 |
| DISCOVERY DEPOSITION OF WITNESSES WHO HAVE BEEN DESIGNATED AS EXPERTS | May 1, 2023 |
| STATUS REPORT DUE[1] | May 15, 2023 |

---

1  A Post-Discovery Status Report Form for Judge Baker's cases is available on the Court's website www.gas.uscourts.gov under "forms." The parties are directed to use the content and format contained in this Form when reporting to the Court.

| | |
|---|---|
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | June 1, 2023 |

**SO ORDERED**, this 12th day of August, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA