# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* E. JERRY COHN, JR., M.D., and SHARON BELL, and<br><br>STATE OF GEORGIA, *ex rel.* E. JERRY COHN, JR., M.D., and SHARON BELL,<br><br>　　Plaintiffs,<br><br>v.<br><br>GENESIS GLOBAL HEALTHCARE, *et al.*,<br><br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV418-128 |

## **REPORT AND RECOMMENDATION**

Defendants Dr. Howard Gale ("Gale") and Dr. Todd Becker ("Becker") have filed a motion seeking to amend their answers. *See* doc. 252. No party has opposed the motion. *See generally* docket; *see also* S.D. Ga. L. Civ. R. 7.5. However, despite that non-opposition, because the Motion is procedurally deficient it should be **DENIED**. Doc. 252.

Defendants correctly observe that requests to amend pleadings, including answers, are substantively governed by Federal Rule of Civil Procedure 15. *See* Fed. R. Civ. P. 15(a). However, "when the time for

1

amendment has passed under a scheduling order, the party must show 'good cause' for failing to meet the deadline under Federal Rule of Civil Procedure 16." *Universal Physician Servs., LLC v. Del Zotto*, 842 F. App'x 350, 355 (11th Cir. 2021); *see also* Fed. R. Civ. P. 16(b)(4); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). If the Court considered the substantive basis for amendment, under Rule 15, "without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa*, 133 F.3d at 1419.

Although the Court has extended deadlines in this case several times, *see, e.g.*, docs. 204, 210, & 234, the deadline to amend pleadings was October 11, 2022. *See* docs. 188 & 204. Since Defendants' Motion to Amend is more than ten months out-of-time, and does not address the good-cause standard,[1] *see generally* doc. 252, it should be **DENIED**. *See,*

---

[1] Perhaps understandably, if incorrectly, Defendants argue their Motion is timely because the deadline for filing "all civil motions" does not run until March 22, 2024. Doc. 252 at 4 (citing doc. 234). The Federal Rules of Civil Procedure distinguish between motions to amend the pleadings and all other civil motions. *See* Fed. R. Civ. P. 16(b)(3)(A). The operative Amended Scheduling Order does not include a deadline for Motions to Add Parties or Amend Pleadings, *see* doc. 234, because the deadline had already run at the time the current Amended Scheduling Order entered. *Compare* doc. 204 at 3 (setting deadline for Amended Pleadings as October 11, 2022) *with* doc. 234 (entered June 22, 2023); *see also, e.g.*, doc. 210 at 1 (entered April 10, 2023) (explaining the Plaintiff-Relators' unopposed request for "a thirty-day extension of the *current* deadlines . . . so that the represented parties could continue

*e.g.*, *Universal Physician Servs.*, 842 F. App'x at 355 (affirming denial of motion to amend answer where "[t]he defendants never sought a modification of the scheduling order and never argued that they had good cause for seeking an extension of the deadline."). The Court makes no finding as to whether the facts presented in the current Motion would have supported a finding of good cause had the proper standard been addressed. If Defendants believe they can make the necessary good cause showing to modify the Scheduling Order, they are free to move for such a modification and, subject to that modification, seek leave to amend.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

their efforts to receive discovery requests from the *pro se* parties . . ." (emphasis added)). Their Motion is, therefore, untimely.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 22nd day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA