IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. E. JERRY COHN, JR., M.D., and SHARON BELL, <br><br> STATE OF GEORGIA, ex rel. E. JERRY COHN, JR., M.D. and SHARON BELL, <br><br>    Plaintiffs, <br><br>  v. <br><br> GENESIS VASCULAR OF POOLER, LLC, at al., <br><br>    Defendants. | CIVIL ACTION NO.: 4:18-cv-128 |

**O R D E R**

Presently before the Court is Defendants James O'Dare and Barbara O'Dare's Motion for Summary Judgment. (Doc. 317.) Neither James O'Dare nor Barabra O'Dare (collectively, "the O'Dares") are represented by counsel and they thus filed the Motion *pro se*. Plaintiffs have filed a Response to the Motion, (doc. 321), and the O'Dares have filed a Reply, (doc. 323). For the reasons explained below, the Court **DENIES** the Motion for Summary Judgment. (Doc. 317.)

First, the O'Dares' Motion is subject to denial because they failed to comply with Local Rule 56.1. Local Rule 56.1 provides, in pertinent part:

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, in addition to the brief, there shall be annexed to the motion a separate, short, and concise statement of the material facts as to which it is contended there exists no genuine dispute to be tried as well as any conclusions of

law thereof. Each statement of material fact shall be supported by a citation to the record.

S.D. Ga. L.R. 56.1.

"Local Rule 56.1 is no empty formality. Such a statement, when combined with the non-movant's response, narrows the issues in dispute and provides the Court with record cites to determine the precise nature of those disputes." Smith v. Stewart, No. 3:24-cv-085, 2025 WL 2384069, at *1 (S.D. Ga. July 18, 2025), report and recommendation adopted, 2025 WL 2380966 (S.D. Ga. Aug. 15, 2025); see also Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[1] (holding failure to comply with Local Rules may result in summary denial of motion). As Plaintiffs correctly note in their Response, (doc. 321, p. 3), the O'Dares' Motion is not accompanied by a statement of material facts as Local Rule 56.1 requires, (see doc. 317). The O'Dares were required to comply with this requirement notwithstanding their *pro se* status. See Brandon v. Lockheed Martin Aeronautical Sys., 393 F. Supp. 2d 1341, 1348 (N.D. Ga. 2005) (holding *pro se* litigant to the procedural requirements of submitting a separate statement of material facts); Daker v. Owens, No. 6:14-CV-47, 2021 WL 1606052, at *2 (S.D. Ga. Feb. 9, 2021), report and recommendation adopted, 2021 WL 983136 (S.D. Ga. Mar. 16, 2021) (denying a *pro se* plaintiff's motion for summary judgment because his motion did not comply with this Court's Local Rules); see also GJR Invs. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th. Cir. 1998) (The leniency afforded to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party." (citations omitted)). Thus, this shortcoming provides the Court with a sound basis for denying the Motion.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Additionally, the O'Dares have failed, within their filing, to point to any specific record evidence—such as documents, deposition transcripts, or discovery responses—to support their Motion.[2]  Indeed, they did not file any exhibits in support of their Motion.  In order to meet their burden as movants for summary judgment, the O'Dares were required to provide more than a mere assertion that Plaintiffs cannot prove their case.  Where, as here, the non-moving party has the burden of proof at trial, "the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial."  Anderson v. Radisson Hotel Corp., 834 F. Supp. 1364, 1367 (S.D. Ga. 1993) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 606–08 (11th Cir. 1991)).  "Merely stating that the non-moving party cannot meet its burden at trial is not sufficient."  Id. (citing Clark, 929 F.2d at 608).

As in Anderson, here, the O'Dares "do[ ] not bother to review any of the evidence for the Court in an attempt to demonstrate that Plaintiffs will not be able to carry [their] burden of proof at trial."  Id. at 1369.  The only references they make to evidence are too vague to support summary judgment and, even if they were specific enough, the lack of citations (not to mention the failure to provide the referenced evidence) make it impossible for the Court to determine the evidence actually supports the factual assertion.  (See doc. 317, pp. 2–3 ("*Discovery confirms* that Genesis Vascular of Pooler acted in consultation with legal counsel . . . ."; "*Evidence suggests* that Plaintiff-

---

[2] According to Plaintiffs' Response, the parties in this case have "exchanged thousands of pages of documents and conducted at least sixteen depositions," (doc. 321, p. 3), so this is not a situation where a plaintiff has undertaken little to no discovery to gather support for their claims.

Relators' motivations are retaliatory . . . and they *appear to be* using the FCA as a tool . . . ." (emphasis added)); see also id. at p. 3 (asserting that "Plaintiff Bell's testimony reveals a lack of sincere commitment . . ." but failing to cite to, much less provide, the specific testimony).) Likewise, the vague and conclusory assertions that Plaintiffs' claims "are unsubstantiated by factual or evidentiary support" are insufficient to trigger a duty for Plaintiffs to come forward with the evidence to support their claims. "If [such a] meager 'effort' were deemed to carry the movant's initial burden, then that 'burden' would in truth be no burden at all, and summary judgment would be reduced to nothing more than a tool for smoking out the trial strategy of the opposing party." Anderson, 834 F. Supp. at 1369.

Finally, even putting aside the failure to attach a statement of material facts and the lack of citations to any record evidence to support the Motion, the O'Dares' Motion would not succeed because they have failed to present cogent and persuasive arguments demonstrating that summary judgment is appropriate. Their Motion focuses heavily on arguing that the Second Amended Complaint fails to satisfy the applicable pleading standards in Federal Rules of Civil Procedure 8 and 9. (See, e.g., doc. 317, pp. 2–3.) Even where the Motion does offer argument about the sufficiency of evidence, it fails to explain which of Plaintiffs' claim(s) the argument corresponds to and which of the essential elements of a given claim the O'Dares believe is disproven or not adequately supported. They also provide scant legal authority in support of any substantive arguments (and, where they do cite legal authority, they offer little or no discussion of how it is controlling in this case).

In sum, the O'Dares' Motion for Summary Judgment is not in compliance with the Court's Local Rules and, more importantly, is wholly conclusory and lacking necessary legal and factual

4

support.  Accordingly, the Court **DENIES** James O'Dare and Barbara O'Dare's Motion for Summary Judgment.  (Doc. 317.)

**SO ORDERED**, this 1st day of October, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA