# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

UNITED STATES OF AMERICA, *ex rel.*, E. JERRY COHN, JR., M.D., and SHARON BELL

STATE OF GEORGIA, *ex rel.*, E. JERRY COHN, JR., M.D., and SHARON BELL,

      Plaintiffs,

      v.

GENESIS VASCULAR OF POOLER, LLC, *et al.*,

      Defendants.

CASE NO.: 4:18-cv-128

## ORDER SETTING SETTLEMENT CONFERENCE

Following a status conference with the parties conducted on June 3, 2026, *see* doc. 339, this case is now set for a settlement conference before the undersigned on June 22, 2026 at 9:00 a.m. The settlement conference will be conducted via Teams video teleconference. The Court will subsequently issue the Teams invitation. The Clerk is **DIRECTED** to email a courtesy copy of this Order to: 1) Barbara O'Dare at

barbaraodare@gmail.com, 2) James O'Dare at jtodare@gmail.com, and 3)

Donald Geer at dgeer@ruralcardio.com.

## CONFIDENTIAL PARTY SUBMISSIONS

Each party shall email a **confidential, ex parte**[1] letter to

undersigned through the Courtroom Deputy Clerk at

molly_davenport@gas.uscourts.gov no later than June 12, 2026. The

letters should include:

1) the history of any settlement negotiations to date and each party's general settlement posture;

2) the facts you believe you can prove at trial;

3) a candid discussion of both the strengths and weaknesses of each side of the case;

4) a description of any liability disputes;

5) a representation as to whether discovery has been completed and, if not, what discovery remains;

6) the identification of any outstanding motions which could have an effect on settlement;

7) an evaluation of the maximum and minimum damage awards you believe likely;

8) whether there are any non-monetary compensation arrangements which the parties require (apologies, confidentiality statements, etc.)

---

[1] As these letters are **confidential**, they **should neither be served on opposing parties nor filed on the docket**.

9)      an estimate of the attorneys' fees and costs both to date and through trial; and,

10)     an estimate of how much time the Court should set aside for the settlement conference.

The letters should be written with candor.  The letters should be no more than five pages single-spaced and may contain no more than 10 additional pages of exhibits.  Contemporaneously with the emailing of the letters, counsel for each party shall also complete and email to the Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov the undersigned's Settlement Conference Worksheet, which is attached to this Order.  If any party believes that additional individuals or entities who are currently not parties to the case are necessary participants in any mediation (e.g., third party lien holders), they are directed to indicate so on the Worksheet in the Additional Comments section.

**PREPARATION FOR THE SETTLEMENT CONFERENCE**[2]

**All** participants should be prepared to answer the following questions at the settlement conference:

---

[2]  The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, (unless otherwise agreed upon) statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

3

1)   What are your goals in this litigation and what problems would you like to address in the settlement conference? What do you understand the opposing side's goals to be?

2)   What issues need to be resolved?

3)   What are the strengths and weaknesses of your case?

4)   Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception

5)   What are the points of agreement and disagreement between the parties? Factual? Legal?

6)   What are the impediments to settlement? Financial? Emotional? Legal?

7)   Does settlement or further litigation better enable you to accomplish your goals?

8)   Are there possibilities for a creative resolution of the dispute?

9)   Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

**SO ORDERED** this 8th day of June 2026.


_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

4

# SETTLEMENT CONFERENCE WORKSHEET
## MAGISTRATE JUDGE CHRISTOPHER L. RAY

United States District Court – Southern District of Georgia
8 Southern Oaks Ct.
Savannah Ga, 31405

Molly Davenport, Courtroom Deputy
Office: (912-650-4035)
e-mail: molly_davenport@gas.uscourts.gov

I.    Date of Settlement Conference: Click or tap to enter a date.

II.   Parties Attending

    a.  Plaintiff

        i.  Counsel: _____

        ii. Client Representative: _____

        Authority to settle?    Yes ☐    No ☐
        iii. Additional Attendees: _____

        Authority to settle?    Yes ☐    No ☐

        iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

        _____
        _____
        _____
        _____

    b.  For the Defendant:

        i.  Counsel: _____

5

    ii.    Client Representative:  _____

             Authority to settle?      Yes  ☐      No  ☐

    iii.   Additional Attendees:  _____

             Authority to settle?      Yes  ☐      No  ☐

    iv.    Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

III.    Additional Comments:

_____

_____

_____

_____

_____